**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: COBALIS CORPORATION, <br><br> Debtor, <br><br>———————————— <br><br> COBALIS CORPORATION and MONTENEGREX, by Rey Olsen, <br><br> Appellants, <br><br> v. <br><br> YA GLOBAL INVESTMENTS LP, <br><br> Appellee. | No. 13-57078 <br><br> D.C. No. 8:13-cv-00269-JLS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 9, 2016
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON, DAVIS[**], and OWENS, Circuit Judges.

Appellants Cobalis Corporation and Montenegrex appeal from the district court's dismissal of their bankruptcy appeal as equitably moot. "In evaluating a dismissal on equitable mootness grounds, we review factual findings for clear error and legal conclusions de novo." *JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc. (In re Transwest Resort Props., Inc.)*, 801 F.3d 1161, 1168 (9th Cir. 2015). As the parties are familiar with the facts, we do not recount them here. We affirm.

This court has set out four considerations to determine whether an appeal is equitably moot: (1) "whether a stay was sought, for absent that a party has not fully pursued its rights"; (2) "whether substantial consummation of the plan has occurred"; (3) "the effect a remedy may have on third parties not before the court"; and (4) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan and thereby creating an uncontrollable situation for the bankruptcy court." *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 881 (9th

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

2

Cir. 2012); *see also Rev Op Grp. v. ML Manager LLC (In re Mortgages Ltd.)*, 771 F.3d 1211, 1217 (9th Cir. 2014).

Here, these considerations weigh in favor of equitable mootness. Appellants did not seek a stay and were not otherwise diligent in challenging the bankruptcy court's underlying orders, and their own inaction permitted developments to proceed without their participation. *See In re Mortgages Ltd.*, 771 F.3d at 1217 (noting that the appellant "sat on its rights, which weighs strongly towards equitable mootness"). Moreover, the bankruptcy court's underlying orders have been substantially consummated. *See In re Thorpe Insulation Co.*, 677 F.3d at 881. In particular, as to the dissolution, the trustee has taken the steps required of her. Finally, granting Appellants the relief they seek would unravel the settlement agreement, and "knock[] the props out from under" the related bankruptcy court orders, "thereby creating an uncontrollable situation for the bankruptcy court." *Id.*

**AFFIRMED**.